1  **WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
2  **JOSHUA SANTERAMO, ESQ.**
Nevada Bar #12086
3  **SCHUETZE & McGAHA, P.C.**
601 S. Rancho Drive, Suite C-20
4  Las Vegas, Nevada  89106
(702) 369-3225
5  Attorneys for Plaintiff

6                **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

| | |
|---|---|
| 8   BETHANY ANNE PENNINGTON, an individual | Case No: |
| 9 | **COMPLAINT FOR:** |
| 10              Plaintiff, | |
| 11  vs. | 1.  Discrimination and Harassment in Violation of of Title VII of the Civil Rights Act; |
| 12  INTERNATIONAL HOUSE OF PANCAKES, LLC, a foreign Limited Liability Company; DAN ASHOORI GROUP, a foreign corporation, doing business as, IHOP; DOES I through X inclusive, and ROES CORPORATIONS XI through XX, inclusive, | 2.  Retaliation in Violation of Title VII; |
| 13 | 3.  Discrimination and Retaliation In Violation of NRS 613.330, et. al; |
| 14 | |
| 15 | 4.  Vicarious Liability; |
| 16              Defendants. | 5.  Intentional Infliction of Emotional Distress; and |
| 17 | |
| 18 | 6.  Negligent Hiring, Supervision, and/or Training of Employees |
| 19 | **[DEMAND FOR JURY TRIAL]** |

20

21         **COMES NOW**, Plaintiff, BETHANY ANNE PENNINGTON, by and through her attorneys

22  of record, **WILLIAM W. McGAHA, ESQ**., and **JOSHUA SANTERAMO, ESQ**., of the law

23  offices of **SCHUETZE & McGAHA, P.C.**, and for causes of action against Defendants, and

24  each of them, allege as follows:

25                               **I.**

26                            **PARTIES**

27         1.    Bethany Anne Pennington ("Plaintiff") is, and was, at all times during her

28  employment with the Defendants, a resident of the County of Clark, State of Nevada.

2.      Under information and belief, Defendant International House of Pancakes ("IHOP") is a limited liability company authorized to conduct business in the County of Clark, State of Nevada.

3.      Under information and belief, Defendant Dan Ashoori Group is a corporation organized in the State of California with a principal address of 2912 S. Sepulveda Blvd., Los Angeles, CA 90054, and is authorized to conduct business in the County of Clark, State of Nevada.

3.      Upon information and belief, and at all times relevant hereto, the identities of the Defendants named and/or fictitiously named as DOES I through X and ROES CORPORATIONS XI and XX, are all entities doing business as IHOP and the Dan Ashoori Group and/or other names, and each of them were individuals, partnerships, companies, corporations, or other entities that by reason of such relationships with Defendants, and each of them, are jointly and severally responsible and liable for the damages alleged herein.  The true names and capacities whether individual, corporate, associate or otherwise of Defendants DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff is informed and believes and therefore, alleges that each Defendant herein designated as a DOE or ROE is legally responsible in some manner for the events and happenings herein referred to and proximately caused the injury and damages alleged herein.  Plaintiff is informed and believes and thereon alleges that DOES I through X and ROES CORPORATIONS XI and XX, inclusive, are residents and citizens of the State of Nevada or are corporations doing business in the State of Nevada.  Plaintiff is informed and believes and thereon alleges that Defendants participated in, ratified and/or condoned the acts complained of in Plaintiff's Complaint and the subject matters of this action. Therefore, Plaintiff requests leave of the Court to amend this Complaint to name the Defendants specifically when their true identities become known.

///

///

///

## II.

### JURISDICTION AND VENUE

4.     This Court has original jurisdiction over this action pursuant to Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 2000e, *et seq.*, and applicable laws cited herein.  The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which provide for injunctive relief and other relief for illegal employment discrimination, harassment, and retaliation.  The amount in controversy in this action exceeds the jurisdictional limits of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper in the District of Nevada pursuant to 28 U.S.C. Section 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada , and applicable laws cited herein as the alleged discrimination and damage occurred in this district and the Defendants maintains a place of business in this District.

6.     Plaintiff complied with all of the administrative and/or procedural requisites to file suit against the Defendants under Title VII of the Civil Rights Act of 1964 (as amended); Nev. Rev. Stat. § 613.330, *et seq.*; 42 U.S.C. § 2000e, *et seq.*; and applicable laws cited herein.

7.     Plaintiff is an "employee" of Defendants under Title VII of the Civil Rights Act of 1964 (as amended); Nev. Rev. Stat. § 613.330, *et seq.*; 42 U.S.C. § 2000e, *et seq.;* and applicable laws, for the purposes of this action.

8.     Defendants, at all times pertinent, was an employer as defined by Title VII of the Civil Rights Act of 1964 (as amended); Nev. Rev. Stat. § 613.330, *et seq.*; 42 U.S.C. § 2000e, *et seq.*; and applicable laws cited herein.

## III.

### FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

10.     Under information and belief, Defendant Dan Ashoori Group is a franchisee of Defendant International House of Pancakes, doing business as IHOP.

11.     Under information and belief, Defendants have an agreement by which Defendant Dan Ashoori Group is an employee, agent, joint venturer, partner, subsidiary, or other related business entity of Defendant IHOP, and Defendant IHOP has the power to exert control over the Dan Ashoori Group's day to day operations.

12.     Under information and belief, Defendant IHOP had and still has the ability to exert control over the Dan Ashoori Group's day to day operations by dictating the contents of its manuals and training programs, termination procedures for the franchise/business agreement, hours of operations, inspections, disciplinary procedures for employees, profit sharing and distribution, and direct involvement in complaints and claims made against the Dan Ashoori Group, in addition to other aspects of their business operation.

13.     Under information and belief, Defendants employ approximately seventy-one (71) individuals in Las Vegas, Nevada and are a family restaurant chain serving breakfast, lunch, and dinner.

14.     Plaintiff became an employee of Defendants in February 2012.

15.     Plaintiff is an employee within the meaning of Title VII and the other applicable laws cited herein.

16.     Defendants are an employer within the meaning of Title VII and the other applicable laws cited herein.

17.     During 2012, Defendants engaged in unlawful employment practices at Plaintiff's store through one of its managers, in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a), and other applicable laws cited herein.

18.     Plaintiff was sexually harassed by Julio Solano, General Manager for Defendants, starting in March 2012.

19.     Solano occupied a position of direct authority over Plaintiff.

20.     Solano sexually harassed Plaintiff by putting her in a quid quo pro situation where she was forced to provide sexual favors to Solano in order to maintain her employment.

21.     Plaintiff was forced to have sex with Solano on two separate occasions and perform oral sex on Solano on one occasion so she would not be terminated.

22.     Plaintiff would also receive text messages that were sexually explicit in nature from Solano.

23.     Plaintiff would also receive text messages from Solano threatening her job if she did not perform sexual favors.

24.     These practices and sexually offensive and unwelcome overtures by Solano further constitute sexual harassment and created a hostile environment against Plaintiff and other similarly situated employees in violation of Title VII, 42 U.S.C. 2000e-2(a), and other applicable laws cited herein.

25.     Plaintiff reported the above described incidents with Solano to Hugo Escobedo, Director of Operations for Defendants.

26.     Escobedo refused to take any significant action against Solano.

27.     Escobedo refused to investigate into Plaintiff's complaints, including refusing to view Solano's text messages to Plaintiff.

28.     Under information and belief, multiple female employees for Defendants have lodged complaints of sexual harassment against Solano, and other male employees under his supervision.

29.     Under information and belief, Solano has not been disciplined for any of the above described infractions.

30.     Under information and belief, Defendants have maintained Solano's employment and promoted him since the time period in which the events of this Complaint took place.

31.     Under information and belief, Solano is currently employed by Defendants in Wisconsin.

///

32.     After vetting her complaints to Escobedo, Plaintiff was subjected to unwarranted harassment by Defendants' employees, called a slut and whore, and chastised for complaining to management.

33.     After Plaintiff complained about the ongoing harassment to Defendants' management by fellow employees, she was ignored and told she should not have complained about Solano's sexual advances.

34.     Defendants, its managers, employees and agents further retaliated against Plaintiff by cutting her hours, subjecting her to unjustified discipline, and terminating her employment for pre-textual reasons.

35.     Defendants knew or should have known of the sexual harassment and gender-based hostile work environment, but it failed to take prompt, corrective or remedial action.

36.     Accordingly, Defendants are liable for the sexual harassment and a gender-based hostile work environment perpetrated by its manager in violation of Title VII.

37.     The effect of the practices complained of above have deprived Plaintiff and other similarly situated females of equal employment opportunities, altered their conditions of employment and otherwise adversely affect their status as employees because of their gender in violation of Section 703(a) of Title VII, 42 U.S.C. 2000e-2(a), and other applicable laws cited herein.

38.     The unlawful employment practices complained of herein were committed intentionally.

39.     The unlawful employment practices complained of above were done and/or allowed to be done with malice or reckless indifference to the federally and statutorily protected rights of Plaintiff and other similarly situated female employees.

40.     Plaintiff filed charges of discrimination on the basis of sex and retaliation against Defendants on or around May 8, 2012.

///

41.     Upon investigation, the Equal Employment Opportunity Commission (EEOC) made the following findings on August 29, 2014:

•     That Defendants are an employer within the meaning of Title VII; and

•     That there is probable cause to believe Defendants discriminated against a class of individuals, including Plaintiff, because of their sex, female, in that they were subjected to sexual harassment and management failed to take immediate corrective action, in violation of Title VII.

42.     Plaintiff received a Notice of Right to Sue on February 19, 2015. See **Exhibit 1**.

43.     Since her termination, Plaintiff has sustained substantial wage loss and other associated financial losses.

44.     Since her termination, Plaintiff has suffered severe emotional distress that has required medical treatment and the use of medications.

**IV.**

**FIRST CAUSE OF ACTION**

**(Unlawful Employment Practices: Discrimination and Harassment on the Basis of Sex and Gender Against all Defendants)**

45.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

46.     Plaintiff is a female who was discriminated and harassed because of and/or on the basis of sex and gender, and thus belongs to the class of individuals protected by Title VII of the Civil Rights Act of 1964 (as amended); 42 U.S.C. § 2000e, *et seq.*; and 42 U.S. § 1981.

47.     Under the applicable laws cited herein, Defendants have the obligation to provide a workplace free of discrimination and harassment on the basis of race, sex, gender, and national origin, amongst other enumerated categories.  Plaintiff has the same rights in every State, among other things, to the full and equal benefit of the laws and proceedings for the security of persons and property as enjoyed by all citizens, and shall, among other things, be subject to like exactions of every kind, and to no other.

48.     During the course of her employment, Plaintiff was subjected to a quid quo pro situation, discrimination, harassment, a hostile work environment, and differential treatment by Defendants, their employees, managements, agents, and/or representatives because of her sex.  The harassment occurred at work through forced sexual encounters, text messages, and in-person communications that were sexually explicit in nature and included, but were not limited to: performing sexual acts in order to maintain employment, sexually explicit conversation, requests, and photographs, and threats against her employment if she did not submit to her manager's sexual requests.

49.     Defendants subjected Plaintiff to discrimination, harassment, differential terms and conditions in her employment by reason of her sex and/or gender.

50.     Plaintiff complained to Defendants about the repeated discrimination, harassment, differential treatment because of her sex and/or gender but Defendants ignored, neglected, failed and/or refused to address the same.

51.     Upon information and belief, other employees of the Defendants who were not women and/or otherwise not of the same protected class as Plaintiff were not subjected to the same differential treatment and mistreatment as Plaintiff, with Plaintiff being treated less favorable because of her sex and/or gender.

52.     Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against Defendants alleging discrimination based on sex/gender.

53.     The conduct of Defendants described in this Complaint constitutes unlawful discrimination in violation of Sec. 703(a) of Title VII; 42 U.S.C. § 2000e, *et seq.*; 42 U.S. § 1981.

54.     Defendants are "employer(s)" as defined in 42 U.S.C. § 2000e, *et seq.*; and covered under 42 U.S. § 1981.

55.     Defendants' policy and practice of allowing disparate terms and conditions of employment, including, but not limited to, quid quo pro terms of employment, discrimination on the basis of sex and/or gender, and hostile work environment constitutes a knowing and

intentional pattern and practice of discrimination in violation of the applicable laws cited herein.

56.     As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims compensatory and punitive damages from Defendants.  The above described acts of Defendants were intentional and done with malice or reckless indifference for Plaintiff's protected rights.

57.     As a further result of Defendants' above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

**V.**

## SECOND CAUSE OF ACTION

**(Retaliation in Violation of 42 U.S.C. Section 200e-3, and Title VII of the Civil Rights Act Sec. 704(A), Against all Defendants)**

58.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

59.     Defendants, their employees, managements, agents, and/or representatives retaliated against Plaintiff in violation of 42 U.S.C. § 2000e-3.; and Title VII of the Civil Rights Act, Sec. 704(A) by making demeaning sexual comments towards her, chastizing her for reporting her complaints to management, subjecting her to unwarranted discipline, cutting her hours, and terminating her, in addition to other acts. This retaliation was done because of Plaintiff's participation in and/or opposition to practices and/or actions of Defendants that were unlawful under all applicable laws cited herein.

60.     Defendants retaliated against Plaintiff because Plaintiff opposed that which she reasonably and in good faith believes to be unlawful discrimination and harassment in her employment, and also because Plaintiff complained about said harassment and discrimination.

61.     As a direct and proximate result of Defendants' unlawful, discriminatory conduct, Plaintiff suffered financial harm, lost wages, loss of earning capacity, loss of employment, and severe physical and emotional distress for which she claims compensatory and punitive

1    damages from Defendants.

2        62.    The above described acts of Defendants were intentional and done with malice

3    or reckless indifference for Plaintiff's protected rights.

4        63.    Plaintiff is entitled to all legal and equitable remedies available under U.S.C. §

5    2000e; Title VII of the Civil Rights Act, Sec. 704(A); and 42 U.S. § 1981 as a result of the

6    retaliation suffered as a direct result of Defendants' conduct.

7        64.    As a further result of Defendants' above described actions, Plaintiff has been

8    required to obtain the services of an attorney to prosecute this action, and is therefore entitled

9    to reasonable attorney's fees and costs.

10                                    **VI.**

11                        **THIRD CAUSE OF ACTION**

12   **(Discrimination, Hostile Work Environment, and Retaliation on the Basis of Sex and Gender Pursuant to NRS 613.330, et. al. against all Defendants)**

13
14       65.    Plaintiff repeats and re-alleges every allegation made in the paragraphs above,

15   as though set forth fully herein.

16       66.    The above discrimination, harassment hostile work environment and retaliatory

17   termination by Defendants constitutes unlawful discriminatory employment practices under the

18   Nevada Equal Employment Opportunity Act, NRS 633.310 et seq.

19       67.    As a direct and proximate result of Defendants' discriminatory acts, Plaintiffs

20   have suffered and shall continue to suffer financial harm, lost wages, loss of earning capacity,

21   loss of employment, and severe physical and emotional distress for which they claim

22   compensatory and punitive damages from Defendants.

23       68.    As a further result of Defendants' above described actions, Plaintiffs have been

24   required to obtain the services of an attorney to prosecute this action, and are therefore

25   entitled to reasonable attorney's fees and costs.

26   ///

27   ///

28   ///

**VII.**

**FOURTH CAUSE OF ACTION**

**(Agency Theory & Vicarious Liability Against Defendant IHOP)**

69.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

70.     Under information and belief, Defendants have an agreement by which Defendant Dan Ashoori Group is an employee, agent, joint venturer, partner, subsidiary, or other related business entity of Defendant IHOP, and Defendant IHOP has the power to exert control over the Dan Ashoori Group's day to day operations.

71.     Under information and belief, Defendant IHOP had and still has the ability to exert control over the Dan Ashoori Group's day to day operations by dictating the contents of its manuals and training programs, termination procedures for the franchise/business agreement, hours of operations, inspections, disciplinary procedures for employees, profit sharing and distribution, and direct involvement in complaints and claims made against the Dan Ashoori Group, in addition to other aspects of their business operation.

72.     Defendant IHOP is therefore vicariously liable for the actions of Defendant Dan Ashoori Group, its employees, and agents under agency theory.

**VIII.**

**FIFTH CAUSE OF ACTION**

**(Intentional Infliction of Emotional Distress Against all Defendants)**

73.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

74.     The conduct of Defendants, their agents, employees, and/or representatives, was extreme and outrageous and done for the purpose of injuring Plaintiff.  This includes threatening her job if she did not perform sexual favors, sending her unwanted sexually explicit text messages and photographs, ridiculing her for complaining to management, and retaliating against her through adverse employment actions.

///

75.     The conduct of Defendants, their agents, employees, and/or representatives, was intentional, willful, malicious and outrageous, and therefore, constitutes an intentional infliction of emotional distress to Plaintiff.  This conduct, includes but is not limited to, the actions of Solano, Escobedo, and other employees at the subject store Plaintiff worked at.

76.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress which caused and will continue to cause the Plaintiff extreme mental and nervous pain and suffering.  Plaintiff has and still is receiving treatment for said mental distress.

77.     As a direct and proximate result of Defendants' acts and conduct, Plaintiff incurred and continues to incur loss of earnings, and loss of enjoyment of life, all to said Plaintiff's general damages in an amount to be determined, according to proof at the time of trial.

78.     That Defendants' conduct constitutes intentional, malicious, willful and wanton acts, thereby entitling Plaintiff to punitive damages according to proof to be determined at the time of trial.

79.     As a further result of Defendants' above described actions, Plaintiff has been required to obtain the services of an attorney to prosecute this action, and is therefore entitled to reasonable attorney's fees and costs.

**IX.**

**<u>SIXTH CAUSE OF ACTION</u>**

**(Negligent Hiring, Supervision, and/or Training of Employees Against all Defendants)**

80.     Plaintiff repeats and re-alleges every allegation made in the paragraphs above, as though set forth fully herein.

81.     Defendants should have known of the propensity of its supervisors and its employees to cause emotional and financial injury to employees, and therefore has knowledge of their potentially harmful effect upon employees.

82.     Defendants should have been aware that its employees and supervisors are creating a situation, which places Plaintiffs in danger of having her rights violated.  Because

of this awareness, Defendants should have taken protective measures to stop its employees' and supervisors' illegal conduct toward Plaintiff, specifically in relation to the harassment/ discrimination regarding Plaintiff's sex and gender, and the retaliatory actions taken against Plaintiff when she attempted to assert in good faith her legal rights as described in this Complaint.

83.     Defendants knew or should have known that the conduct of its employees and supervisors, and agents might result in a violation of employee rights.  Defendants failed to institute sufficiently effective training programs, which may have identified its supervisors' and employees' illegal conduct and prevented further recurrences of discrimination and/or harassment, and may have allowed employees to file complaints about such conduct.

84.     Defendant received notice that its employees and supervisors are engaging in conduct that violates Plaintiff's rights when she complained to her immediate supervisors and later reported her claims to the EEOC.

85.     Yet, Defendants failed to properly supervise and restrain its agents, supervisors and employees from their illegal discriminatory conduct, and then retaliated against Plaintiff when she attempted in good faith to assert her legal rights.

86.     Defendants created an atmosphere whereby discrimination is allowed to pervade and in which the ire of its agents, supervisors and employees was raised, knew that its agents, supervisors and employees might cause emotional and financial injury to a fellow employee and thereby authorized and ratified such unlawful and tortuous discriminatory conduct toward Plaintiff.

87.      As a result of each supervisor's, employee's and agent's conduct and based upon the responsibility of Defendants, Plaintiff has suffered damages and suffered special, compensatory and punitive damages in an amount subject to proof at trial.

88.     Plaintiff has had to engage the services of attorneys to represent her in this matter and are entitled to an award of reasonable attorney's fees.

///

///

**WHEREFORE**, Plaintiff requests relief as follows:

1.    Back pay, front pay, benefits, liquidated damages, compensatory damages, statutory and other recoverable damages as allowed by all applicable laws cited herein;

2.    Injunctive relief prohibiting future retaliation and enjoining present discrimination;

3.    Punitive damages;

4.    Attorney's fees and costs as allowed by all applicable laws cited herein;

5.    For past and future damages in excess of $10,000.00;

6.    For past and future medical expenses; emotional and mental distress; and special damages in an amount to be proven at trial;

7.    For pre-judgment and post-judgment interests; and

8.    For such other and further relief as the Court deems proper.

**DATED** this   20   day of May, 2015.

**SCHUETZE & McGAHA, P.C.**

By _/s/ Joshua M. Santeramo_____
**WILLIAM W. McGAHA, ESQ.**
Nevada Bar #3234
**JOSHUA SANTERAMO, ESQ.**
Nevada Bar #12086
601 S. Rancho Drive, Suite C-20
Las Vegas, Nevada  89106
Attorney for Plaintiff