**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BETHANY ANNE PENNINGTON, ) ) Plaintiff, ) ) vs. ) ) INTERNATIONAL HOUSE OF ) PANCAKES, LLC et al., ) ) Defendants. ) | 2:15-cv-0949-RCJ-CWH **ORDER** |

This case arises out of an employer's alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Nevada Equal Employment Opportunity Act. Pending before the Court are two Motions to Dismiss as to one Defendant—International House of Pancakes, LLC (ECF Nos. 25, 38). For the reasons given herein, the Court grants the motion, with leave to amend in part.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff Bethany Anne Pennington alleges that Julio Solano, general manager of an International House of Pancakes restaurant in Las Vegas, sexually harassed her by forcing her to provide sexual favors for him and sending her sexually explicit text messages. (*See* Am. Compl. ¶¶ 20–26, ECF No. 33). Plaintiff alleges that after she and other female employees reported sexual harassment to Hugo Escobedo, director of operations, he refused to investigate the

1    allegations or take action against Solano. (*Id.* at ¶¶ 27–31). Further, Plaintiff maintains that

2    Defendants transferred Solano to Wisconsin and promoted him. (*Id.* at ¶¶ 32–33). Plaintiff also

3    alleges that after she complained to Escobedo, Defendants' employees chastised, harassed, and

4    ignored her, reduced her hours, and, ultimately, terminated her. (*Id.* at ¶¶ 34–36).

5           Plaintiff has named as Defendants Rainbow 1606, Inc. ("Rainbow"), a franchisee of

6    International House of Pancakes, LLC ("IHOP, LLC"), Farshad Ashoori, owner of Rainbow, and

7    IHOP, LLC. (*Id.* at ¶¶ 2–4, 12). Plaintiff has made five claims against all three Defendants: (1)

8    discrimination and harassment based on gender under Title VII of the Civil Rights Act, 42

9    U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981; (2) retaliation under Title VII; (3) discrimination,

10   hostile work environment, and retaliation based on gender under the Nevada Equal Employment

11   Opportunity Act, NRS 633.310 et seq.; (4) intentional infliction of emotional distress; and (5)

12   negligent hiring, supervision, and/or training of employees. Plaintiff also claims that IHOP, LLC

13   is vicariously liable for the actions of Rainbow and Ashoori as IHOP, LLC's agents. (Am.

14   Compl. at ¶¶ 72–74).

15          On May 8, 2012, Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights

16   Commission and Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 42; Pl.'s

17   Resp., Ex. 1, ECF No. 41). On August 29, 2014, the EEOC found Defendants to be an

18   "employer" within the meaning of Title VII and found probable cause to believe Defendants

19   violated Title VII. (*Id.* at ¶ 43). On February 19, 2015, Plaintiff received a Notice of Right to

20   Sue. (*Id.* at ¶ 44).

21          Plaintiff filed a complaint on May 20, 2015 (ECF No. 1). On July 14, 2015, Defendant

22   IHOP, LLC filed a motion to dismiss (ECF No. 25). Plaintiff then filed an amended complaint on

23   July 23, 2015 (ECF No. 33). The only change she made was to substitute Farshad Ashoori as a

24

1  defendant for the Dan Ashoori Group. Defendant IHOP, LLC subsequently filed a second

2  motion to dismiss based on the Amended Complaint (ECF No. 38). In its two motions to dismiss,

3  IHOP, LLC asks the Court to dismiss the case only in respect to IHOP, LLC, pursuant to Federal

4  Rules of Civil Procedure 12(b)(6) and 12(b)(1).

5  **II.     FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

6  **A.  Legal Standards**

7  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

8  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

9  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

10  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

11  that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

12  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

13  F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

14  failure to state a claim, dismissal is appropriate only when the complaint does not give the

15  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell

16  Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

17  sufficient to state a claim, the court will take all material allegations as true and construe them in

18  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

19  Cir. 1986). The court, however, is not required to accept as true allegations that are merely

20  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden

21  State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

22  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

23  plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

24

1  "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

2  ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,

4  under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a

5  cognizable legal theory (*Conley* review), but also must allege the facts of the plaintiff's case so

6  that the court can determine whether the plaintiff has any basis for relief under the legal theory

7  the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-*

8  *Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a

9  legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally

10  to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is

11  complete and that liability necessarily follows therefrom, assuming the allegations are true.

12      "Generally, a district court may not consider any material beyond the pleadings in ruling

13  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

14  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

15  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

16  whose contents are alleged in a complaint and whose authenticity no party questions, but which

17  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

18  motion to dismiss" without converting the motion to dismiss into a motion for summary

19  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

20  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

21  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

22  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### B.  Analysis

Plaintiff claims that Defendant IHOP, LLC is vicariously liable for the actions of franchisee Rainbow based on a theory of agency. Defendant IHOP, LLC argues that Plaintiff's allegations of liability as to IHOP, LLC are insufficient to state a claim for which relief can be granted. Title VII "'primarily govern[s] relations between employees and their employer, not between employees and third parties.'" *Morgan v. Safeway Stores, Inc.*, 884 F.2d 1211, 1214 (9th Cir. 1989) (quoting *City of Los Angeles v. Manhart*, 435 U.S. 702, 718 n.33 (1978)). However, under Title VII, the term "employer" includes "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and *any agent* of such a person." 42 U.S.C. § 2000e(b) (emphasis added). Thus, "[a]n employer . . . cannot avoid title VII liability by delegating discriminatory programs to third parties." *Morgan*, 884 F.2d at 1214. To establish the employer's liability, "the employer must be more than a broker, or other intermediary . . . the employer must affirmatively, actively participate in the third-party program." *Id.*

Here, Plaintiff essentially alleges that IHOP, LLC is her "employer" and that it has delegated responsibility over its programs to its agents Rainbow and Ashoori. As a result, she argues, IHOP, LLC is vicariously liable for Rainbow's allegedly discriminatory practices. (Am. Compl. at ¶¶ 72–74; Pl.'s Resp., 8). To state a valid claim, then, Plaintiff must provide sufficient facts to show it is plausible that Rainbow, as a franchisee, acts as IHOP, LLC's agent, and IHOP, LLC actively participates in managing Rainbow's employees, or at least has established training, policies, or procedures that affect the management of Rainbow's employees. *See, e.g.*, *Miller v.*

*D.F. Zee's, Inc.*, 31 F. Supp. 2d 792, 806 (D. Or. 1998) (holding that Denny's, Inc. was liable for acts of harassment by employees of its agent, a local franchisee).

Plaintiff alleges that Rainbow is "an employee, agent, joint venture, partner, subsidiary, or other related business entity of Defendant IHOP," and that IHOP, LLC "has the power to exert control over . . . Rainbow[]'s day to day operations." (Am. Compl. at ¶ 72). Specifically, IHOP, LLC exerts control over Rainbow

> by dictating the contents of its manuals and training programs, termination procedures for the franchise/business agreement, hours of operations, inspections, disciplinary procedures for employees, profit sharing and distribution, and direct involvement in complaints and claims made against Defendant . . . Rainbow . . . in addition to other aspects of their business operation.

(*Id.* at ¶ 73). As Defendant IHOP, LLC correctly argues, these allegations are mere recitations of common elements of an agency relationship; they provide no specific facts to assist the Court in determining whether Rainbow is plausibly an agent of IHOP, LLC.

Earlier in the Amended Complaint, Plaintiff does provide some specific facts to support her claim: she alleges that "Defendants have maintained Solano's employment and promoted him since the time period in which the events of this Complaint took place," (*id.* at ¶ 32), and that "Solano is currently employed by Defendants in Wisconsin," (*id.* at ¶ 33). These factual allegations could indicate that IHOP, LLC was involved in hiring and disciplinary procedures affecting Rainbow's employees. For example, one might infer that IHOP, LLC transferred Solano to another franchise in Wisconsin in response to Plaintiff's allegations. On the other hand, Solano might have simply moved to Wisconsin of his own accord and sought employment with a local IHOP restaurant. The Complaint also alleges that all "Defendants" promoted and transferred Solano—it does not specifically identify IHOP, LLC as being directly involved, and

1    it provides sufficient facts only to make tenuous inferences regarding the cause and motives of

2    the alleged transfer.

3          Plaintiff also refers to "Defendants' policy and practice of allowing disparate terms and

4    conditions of employment," (*id.* at ¶ 57), and alleges that "Defendants failed to institute

5    sufficiently effective training programs" to identify and prevent discrimination, (*id.* at ¶ 85). If

6    true, these facts could implicate IHOP, LLC as being involved in the alleged discrimination, but,

7    again, these facts lack specificity. Thus, the Complaint provides sufficient facts to show it was

8    "possible" that Rainbow acted as IHOP, LLC's agent and that IHOP, LLC should also be liable

9    for the alleged discrimination, but the facts provided do not make this conclusion "plausible." As

10   a result, the Court grants Defendant IHOP, LLCs motion dismiss, but it gives Plaintiff leave to

11   amend her Complaint to allege facts showing IHOP, LLC's control over Rainbow.

12   **III.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

13        **A.  Legal Standards**

14         A plaintiff must timely exhaust any administrative remedies before bringing a Title VII

15   claim to court. *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). However, failure to

16   exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549

17   U.S. 199, 212 (2007). A Court should not dismiss a case based on an affirmative defense unless

18   the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri &*

19   *Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense is not clear

20   from the face of the complaint sought to be dismissed, it cannot be determined until (at least) the

21   summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule

22   12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

23   *Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

24

**B.  Analysis**

Defendant IHOP, LLC argues that Plaintiff has failed to exhaust her administrative remedies because she did not properly name IHOP, LLC in her Charge of Discrimination ("Charge") filed with the EEOC, and IHOP, LLC did not receive notification of the Charge. In Title VII actions, failure to timely exhaust administrative remedies is an affirmative defense, *see Davis v. D.C.*, 949 F. Supp. 2d 1, 12 (D.D.C. 2013); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); thus, unless Plaintiff's failure to exhaust is clear from the face of her Amended Complaint, the Court must defer this issue until at least the summary judgment stage.

Plaintiff's failure to exhaust as to Defendant IHOP, LLC is not clear from the face of the Complaint or from the Charge she filed with the EEOC. (*See* Am. Compl. at ¶ 42; Pl.'s Resp., Ex. 1). In her Complaint, Plaintiff makes no admission that she did not exhaust her administrative remedies as to IHOP, LLC. Indeed, Plaintiff asserts she "complied with all of the administrative and/or procedural requisites to file suit against the Defendants under Title VII of the Civil Rights Act of 1964." (*Id.* at ¶ 8). She also claims to have timely filed charges of discrimination against Defendants and received a Notice of Right to Sue based on EEOC's finding of probable cause that Defendants discriminated against her. (*Id.* at ¶¶ 42–44, 54). Plaintiff also maintains that "Defendant received notice that its employees and supervisors are engaging in conduct that violates Plaintiff's rights when she complained to her immediate supervisors and later reported her claims to the EEOC." (*Id.* at ¶ 86). Nothing in the Complaint indicates Plaintiff failed to include IHOP, LLC in her Charge or that IHOP, LLC did not receive notice of the Charge.

Plaintiff's Charge filed with the EEOC also does not clearly show she failed to exhaust her administrative remedies as to Defendant IHOP, LLC. In her Charge, Plaintiff listed only one

employer—"IHOP"—with a Las Vegas address. (Pl.'s Resp., Ex. 1). While Plaintiff did not list IHOP, LLC as her employer, she also did not list Rainbow or Ashoori as her employers. Thus, the name she submitted is subject to more than one interpretation. Also, Plaintiff listed her employer as having "201-500" employees. (*Id.*). In her Complaint, however, Plaintiff stated that "Defendants employ approximately seventy-one (71) individuals in Las Vegas." (Am. Compl. at ¶ 15). It is unclear, therefore, whether Plaintiff meant to identify Rainbow as her employer or IHOP, LLC, or whether she meant to include both. Finally, Plaintiff listed the address of Rainbow's Las Vegas location as her employer's address, which might have prevented IHOP, LLC from receiving notice of the Charge; however, nothing in the Complaint suggests IHOP, LLC did not receive notice. Plaintiff's failure to exhaust as to Defendant IHOP, LLC is not clear either from the face of the Complaint or from the Charge filed with the EEOC. As a result, the Court must defer the issue of exhaustion to at least summary judgment.

Based on Defendant IHOP, LLC's first argument—failure to state a claim—the Court grants the motions to dismiss but gives Plaintiff leave to amend her claim to show whether IHOP, LLC should be liable due to an agency relationship with Rainbow and Ashoori. The Court defers the issue of exhaustion of remedies to the summary judgment stage.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 25, 38) are GRANTED, with leave to amend in part.

IT IS SO ORDERED.

DATED:  This 13th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge