UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| _____ | ) | |
| BETHANY ANNE PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-00949-RCJ-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| INTERNATIONAL HOUSE OF | ) | |
| PANCAKES, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This case arises out of an employer's alleged sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and the Nevada Equal Employment Opportunity Act. Pending before the Court is a Motion to Dismiss as to Defendant Farshad Ashoori (ECF No. 50). For the reasons given herein, the Court grants the motion, with leave to amend in part.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff Bethany Anne Pennington alleges that Julio Solano, general manager of an International House of Pancakes restaurant in Las Vegas, sexually harassed her by forcing her to provide sexual favors for him and sending her sexually explicit text messages. (*See* Am. Compl. ¶¶ 20–26, ECF No. 33). Plaintiff alleges that after she and other female employees reported sexual harassment to Hugo Escobedo, director of operations, he refused to investigate the allegations or take action against Solano. (*Id.* at ¶¶ 27–31). Further, Plaintiff maintains that

Defendants transferred Solano to Wisconsin and promoted him. (*Id.* at ¶¶ 32–33). Plaintiff also alleges that after she complained to Escobedo, Defendants' employees chastised, harassed, and ignored her, reduced her hours, and, ultimately, terminated her. (*Id.* at ¶¶ 34–36).

Plaintiff has named as Defendants Rainbow 1606, Inc. ("Rainbow"), a franchisee of International House of Pancakes, LLC ("IHOP, LLC"), Farshad Ashoori, owner of Rainbow, and IHOP, LLC. (*Id.* at ¶¶ 2–4, 12). Plaintiff has made five claims against all three Defendants: (1) discrimination and harassment based on gender under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981; (2) retaliation under Title VII; (3) discrimination, hostile work environment, and retaliation based on gender under the Nevada Equal Employment Opportunity Act, NRS 633.310 et seq.; (4) intentional infliction of emotional distress; and (5) negligent hiring, supervision, and/or training of employees. Plaintiff also claims that IHOP, LLC is vicariously liable for the actions of Rainbow and Ashoori as IHOP, LLC's agents. (Am. Compl. at ¶¶ 72–74).

On May 8, 2012, Plaintiff filed a Charge of Discrimination with the Nevada Equal Rights Commission and Equal Employment Opportunity Commission ("EEOC"). (*Id.* at ¶ 42; Pl.'s Resp., 56, ECF No. 60). On August 29, 2014, the EEOC found Defendants to be an "employer" within the meaning of Title VII and found probable cause to believe Defendants violated Title VII. (*Id.* at ¶ 43). On February 19, 2015, Plaintiff received a Notice of Right to Sue. (*Id.* at ¶ 44).

Plaintiff filed a complaint on May 20, 2015 (ECF No. 1). On July 14, 2015, Defendant IHOP, LLC filed a motion to dismiss (ECF No. 25). Plaintiff then filed an amended complaint on July 23, 2015 (ECF No. 33). The only change she made was to substitute Farshad Ashoori as a defendant for the Dan Ashoori Group. Defendant IHOP, LLC subsequently filed a second motion to dismiss based on the Amended Complaint (ECF No. 38). Defendant Farshad Ashoori

1 | filed a motion to dismiss the Amended Complaint on September 25, 2015 (ECF No. 50). Plaintiff

2 | filed a response on October 12, 2015 and attached a proposed Second Amended Complaint (ECF

3 | No. 60). Plaintiff then filed another Second Amended Complaint on November 2, 2015 (ECF

4 | No. 66). In his motion to dismiss, Defendant Ashoori asks the Court to dismiss the case in

5 | respect to him, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

6 | **II.    FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)**

7 | **A.  Legal Standards**

8 | Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

9 | claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

10 | what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

11 | (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

12 | that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule

13 | 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

14 | F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

15 | failure to state a claim, dismissal is appropriate only when the complaint does not give the

16 | defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

17 | *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is

18 | sufficient to state a claim, the court will take all material allegations as true and construe them in

19 | the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

20 | Cir. 1986). The court, however, is not required to accept as true allegations that are merely

21 | conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

22 | *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

1    A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a

2   plaintiff must plead facts pertaining to his own case making a violation "plausible," not just

3   "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

4   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

5   draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is,

6   under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a

7   cognizable legal theory (*Conley* review), but also must allege the facts of the plaintiff's case so

8   that the court can determine whether the plaintiff has any basis for relief under the legal theory

9   the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly-*

10  *Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a

11  legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally

12  to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is

13  complete and that liability necessarily follows therefrom, assuming the allegations are true.

14       "Generally, a district court may not consider any material beyond the pleadings in ruling

15  on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

16  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

17  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents

18  whose contents are alleged in a complaint and whose authenticity no party questions, but which

19  are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

20  motion to dismiss" without converting the motion to dismiss into a motion for summary

21  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

22  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

23

24

1   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

2   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

3   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

4   2001).

5   **B.  Analysis**

6   Plaintiff argues that Defendant Ashoori is liable for the alleged sex discrimination as the

7   owner of Rainbow. Ashoori argues that he is not liable because Plaintiff's allegations of liability

8   as to him are insufficient to state a claim for which relief can be granted. Specifically, he argues

9   Plaintiff has not alleged that Ashoori took part in Rainbow's day-to-day operations or that he

10  deliberately attempted to escape liability.

11  According to Plaintiff's response, "Plaintiff does not disagree with the basic legal tenants

12  raised in the Motion to Dismiss." (Resp. 5, ECF No. 60). Instead, Plaintiff requests leave of the

13  Court to amend its pleadings to provide a more complete set of allegations against Ashoori under

14  Federal Rule of Civil Procedure 15(a). (*Id.*). Plaintiff attached a proposed Second Amended

15  Complaint to her response.

16  The courts should freely grant leave to amend "'when justice so requires.'" *Morongo*

17  *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (quoting Fed. R. Civ. P.

18  15(a)). Further, "this policy is to be applied with extreme liberality." *Id.* "Four factors are

19  commonly used to determine the propriety of a motion for leave to amend. These are: bad faith,

20  undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd.*

21  *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

22  Here, none of the four common factors prevents the Court from granting leave to amend;

23  thus, the Court grants Defendant's motion to dismiss while giving Plaintiff leave to amend.

24

1    However, Plaintiff has filed two versions of a second amended complaint and neither addresses

2    the issues pertaining to both Defendant IHOP, LLC and Defendant Ashoori. If Plaintiff chooses

3    to file another amended complaint, she should file a comprehensive complaint that addresses the

4    issues in the motions to dismiss by both IHOP, LLC and Ashoori. Plaintiff shall have fourteen

5    days to file an amended complaint.

6    **III.    FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

7         **A.  Legal Standards**

8         A plaintiff must timely exhaust any administrative remedies before bringing a Title VII

9    claim to court. *Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). However, failure to

10   exhaust non-judicial remedies is generally treated as an affirmative defense. *Jones v. Bock*, 549

11   U.S. 199, 212 (2007). The court should not dismiss a case based on an affirmative defense unless

12   the elements of the defense appear on the face of the pleading to be dismissed. *Rivera v. Peri &*

13   *Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Where an affirmative defense is not clear

14   from the face of the complaint sought to be dismissed, it cannot be determined until (at least) the

15   summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule

16   12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

17   *Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

18        **B.  Analysis**

19        Defendant Ashoori argues that Plaintiff has failed to exhaust her administrative remedies

20   because she did not name Ashoori in her Charge of Discrimination ("Charge") filed with the

21   EEOC, and, thus, Ashoori did not receive notification of the Charge. In Title VII actions, failure

22   to timely exhaust administrative remedies is an affirmative defense, *see Davis v. D.C.*, 949 F.

23   Supp. 2d 1, 12 (D.D.C. 2013); *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997); thus,

24

1    unless Plaintiff's failure to exhaust is clear from the face of her Amended Complaint, the Court

2    must defer this issue until at least the summary judgment stage.

3           Plaintiff's failure to exhaust as to Defendant Ashoori is not clear from the face of the

4    Complaint or from the Charge she filed with the EEOC. (*See* Am. Compl. at ¶ 42; Pl.'s Resp.,

5    56, ECF No. 60). In her Complaint, Plaintiff makes no admission that she did not exhaust her

6    administrative remedies as to Defendant Ashoori. Indeed, Plaintiff asserts she "complied with all

7    of the administrative and/or procedural requisites to file suit against the Defendants under Title

8    VII of the Civil Rights Act of 1964." (Am. Compl. at ¶ 8). She also claims to have timely filed

9    charges of discrimination against Defendants and received a Notice of Right to Sue based on

10   EEOC's finding of probable cause that Defendants discriminated against her. (*Id.* at ¶¶ 42–44,

11   54). Plaintiff also maintains that "Defendant received notice that its employees and supervisors

12   are engaging in conduct that violates Plaintiff's rights when she complained to her immediate

13   supervisors and later reported her claims to the EEOC." (*Id.* at ¶ 86). Nothing in the Complaint

14   indicates Plaintiff failed to include Ashoori in her Charge or that Ashoori did not receive notice

15   of the Charge.

16          Plaintiff's Charge filed with the EEOC also does not clearly show she failed to exhaust

17   her administrative remedies as to Defendant Ashoori. In her Charge, Plaintiff listed only one

18   employer—"IHOP"—with a Las Vegas address. (Pl.'s Resp., 56). While Plaintiff did not list

19   Ashoori as her employer, she also did not list Rainbow or IHOP, LLC as her employers. Thus,

20   the name she submitted is open to interpretation. By listing "IHOP," Plaintiff might have

21   intended to include the local IHOP restaurant (Rainbow), its franchisor (IHOP, LLC), and the

22   owner of the local restaurant (Ashoori). She also might have intended to include only one or two

23   of the parties, or, Plaintiff might simply have been unaware of the multiple parties involved.

24

1   While the Charge does not clearly show Plaintiff included Defendant Ashoori as her employer, it

2   also does not clearly show she excluded him. Thus, Plaintiff's failure to exhaust as to Defendant

3   Ashoori is not clear either from the face of the Complaint or from the Charge filed with the

4   EEOC. As a result, the Court must defer the issue of exhaustion to at least summary judgment.

5         Based on Defendant Ashoori's first argument—failure to state a claim—the Court grants

6   the motion to dismiss but gives Plaintiff leave to amend her complaint within fourteen days. The

7   Court defers the issue of exhaustion of remedies to the summary judgment stage.

8   **CONCLUSION**

9         IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 50) is GRANTED,

10   with leave to amend in part.

11         IT IS SO ORDERED.

12   Dated: This 4th day of December, 2015.

13

14             ROBERT C. JONES
     United States District Judge

15

16

17

18

19

20

21

22

23

24